IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAULINE BOYLE | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| L-3 COMMUNICATIONS CORPORATION; | ) | |
| MILITARY PROFESSIONAL RESOURCES, INC. | ) | |
| A DIVISION OF L-3 COMMUNICATIONS | ) | |
| CORPORATION a/k/a L-3 MPRI; MARSH INC.; | ) | |
| SEABURY & SMITH, INC, A WHOLLY OWNED | ) | |
| SUBSIDIARY OF MARSH, INS. AND d/b/a | ) | |
| MARSH U.S. CONSUMER; MERCER HEALTH | ) | |
| & BENEFITS ADMINISTRATION LLC, | ) | |
| A WHOLLY OWNED SUBSIDIARY OF | ) | |
| MARSH, INC.; METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY; AMERICAN | ) | |
| INTERNATIONAL GROUP f/k/a CHARTIS; | ) | |
| AMERICAN INTERNATIONAL GROUP f/k/a | ) | |
| CHARTIS and d/b/a NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY OF PITTSBURGH, PA. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, PAULINE BOYLE ("Pauline") by and through her attorneys, Nicholas F. Esposito and Bradley K. Staubus, Esposito & Staubus, LLP, and for her Complaint against Defendants, L-3 COMMUNICATIONS CORPORATION ("L-3"); MILITARY PROFESSIONAL RESOURCES, INC. ("MPRI"), A DIVISION OF L-3 COMMUNICATIONS CORPORATION ("L-3 MPRI"); MARSH INC. ("MARSH"); SEABURY & SMITH, INC, a WHOLLY OWNED SUBSIDIARY OF MARSH, INC. d/b/a MARSH U.S. CONSUMER ("SEABURY MARSH"); MERCER HEALTH & BENEFITS ADMINISTRATION LLC, A WHOLLY OWNED SUBSIDIARY OF MARSH, INC. ("MERCER"); METROPOLITAN LIFE INSURANCE COMPANY ("METLIFE"); AMERICAN INTERNATIONAL GROUP f/k/a

CHARTIS ("AIG"); AMERICAN INTERNATIONAL GROUP f/k/a CHARTIS d/b/a NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("NATIONAL UNION FIRE"), states as follows:

## OVERVIEW

This action is brought for contract breach of life and accidental death and dismemberment insuring agreements; violation of ERISA by an employer, insurers, and third-party administrators of employee benefits plans; and other related remedies.

## JURISDICTION AND VENUE

1. This Court also is given jurisdiction of this matter under 28 U.S.C. § 1332(a)(1), which provides for jurisdiction over citizens of different States. Complete diversity exists here as Plaintiff Pauline an individual resides in this district and each of the corporate Defendants have their principal places of business outside Illinois and do business in Illinois. The amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Pursuant to 28 U.S.C. § 1331, this Court also has federal question jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States in that Pauline also brings claim against each and all Defendants for violations of the Employee Retirement Income Security Act, 29 U.S.C. § 18 ("ERISA").

3. Pursuant to 28 U.S. Code § 1367, this Court also has supplemental jurisdiction over Plaintiffs' state claims set forth herein that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because each Defendant has significant and sufficient contacts in Illinois and within this District to render permissible this Court's exercise of jurisdiction.

## PARTIES
### Plaintiff

5. Plaintiff Pauline is an individual residing in Barrington Hills, Illinois.

6. Pauline is the widow of Thomas J. Boyle, Jr. ("Tom").

7. Immediately prior to his death on June 19, 2012, Tom also resided in Barrington Hills, Illinois, with his wife Pauline.

### Employer & Related Parties

8. L-3 is a corporation with its principal place of business at 600 Third Avenue, New York, NY 10016, and at all times relevant hereto did and does business in Illinois.

9. MPRI is a corporation with its principal place of business at 600 Third Avenue, New York, NY 10016, and at all times relevant hereto did and does business in Illinois.

10. L-3 MPRI is a corporation with its principal place of business at 600 Third Avenue, New York, NY 10016, and at all times relevant hereto did and does business in Illinois.

11. L-3, MPRI and L-3 MPRI are hereafter jointly referred to as "Employer."

### Insurers
### MetLife

12. MetLife is a corporation with its principal place of business at 200 Park Ave., New York, New York 10166 and, at all times relevant hereto, did and does business in Illinois.

13. MetLife is a provider of and sells insurance, annuities and employee benefit programs including life insurance through employer-paid (fully or partly) insurance and benefit programs.

### National Union Fire and AIG (f/k/a CHARTIS)

14. AIG is a corporation, formerly known as CHARTIS, with its principal place of business at 175 Water St., New York, NY, 10038, and at all times relevant hereto did and does business in Illinois.

15. National Union Fire is a corporation and subsidiary of AIG, with its principal place of business at 175 Water Street, 18th Floor, New York, NY 10038, and at all times relevant hereto did and does business in Illinois.

### Third Party Administrators
**Marsh McLennan, Marsh, Marsh U.S. Consumer, Seabury Marsh, and Mercer**

16. Marsh is a wholly owned subsidiary of Marsh McLennan, with its principal place of business at 1166 Avenue of the Americas, New York, NY 10036, and at all times relevant hereto did and does business in Illinois.

17. Marsh is a global professional services firm offering clients advice and solutions in the areas of risk, strategy, and people.

18. Marsh U.S. Consumer is a service of Seabury & Smith, Inc., and a subsidiary of Marsh, Inc.

19. Marsh U.S. Consumer provides life and health, professional liability, and other `property/casualty insurance programs for members of associations, professional organizations, health care groups, unions, military organizations, and university alumni groups. Marsh U.S. Consumer has more than half a century of insurance program administration experience and serves more than 350 organizations.

20. Seabury Marsh is a corporation, and subsidiary of Marsh, Inc., with its principal place of business at 1166 Avenue of the Americas, New York, NY 10036, and at all times relevant hereto did and does business in Illinois.

21. Mercer is a corporation and a subsidiary of Marsh with its principal place of business at 1166 Avenue of the Americas, New York, NY 10036, and at all times relevant hereto did and does business in Illinois.

22. Marsh, Marsh U.S, Consumer, Seabury & Smith, Inc., Seabury Marsh and Mercer are hereafter jointly referred to as "the TPAs."

## FACTS

23. Tom, age 62, was employed by the Employer as civilian contractor, training Afghanistan police in Afghanistan. He received pay and ERISA-protected benefits including the right to apply for Employer-sponsored life insurance and accidental death insurance.

24. Tom died in Afghanistan on June 19, 2012, not of natural causes.

25. Through his Employer's Group Policy Number 94644-695, Pauline on information and belief is informed and believes that, on April 26, 2012, Tom acquired:

    a. a MetLife Universal Life Insurance policy ("Life Policy");

    b. a MetLife Personal Accidental Insurance policy ("PAI policy"), and/or Accidental Death and Dismemberment policy ("AD&D policy") in the amount of $401,448;

    c. a GTP Travel Protection policy No. 9130674 in the amount of $669,080;

    d. an AIG PAI policy and/or AD&D policy;

    e. and possibly other supplemental policies.

(Jointly the "Policies").

26. Tom used application and application portals administered by any or all of the Employer and/or the TPAs.

27. During the policies' application processes, MetLife, L-3 and the TPAs failed to provide Tom full policy coverage information and/or complete and accurate benefit plan information or summary plan description ("SPD") regarding the insurance application choices.

28. Pauline is informed and believes that Tom never received the policy(ies) prior to his arrival in Afghanistan.

29. Pauline is informed and believes that, despite repeated requests and demands, she has never been provided a full copy of all the policies and coverages.

30. The amount of each policy exceeds $75,000 exclusive of costs.

31. Pauline made claim upon Tom's MetLife life policy, which was paid in full.

32. MetLife has failed to adequately search and disclose all policies that it has or has had for Tom.

33. Pauline made claim upon AIG's AD&D policy which has been refused.

34. To the date of his death, Tom timely made all premium payments required of him.

## COUNT I
### ERISA Breach of Fiduciary Duty vs. Employer, MetLife, AIG, and TPAs

35. Paragraphs 1 through 34 are re-alleged herein as paragraph 35.

36. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Pauline, as insuring plan beneficiary, seeks to recover plan insurance benefits owed to her upon the death of her husband Tom but refused and denied by all Defendants arising from failure of each and all of them to act prudently and failing to manage plan assets appropriately.

37. Defendants and each of them breached their fiduciary duties, including in violation of ERISA which requires plans to provide participants with either complete plan information or a Summary Plan Description including important information about plan features and also provides fiduciary responsibilities for those who manage and control plan assets, and gives participants the right to sue for benefits and breaches of fiduciary duty.

38. ERISA imposes a fiduciary duties upon plans and plan administrators.

39. Defendants and each of them engaged in mismanagement of plan benefits and breached their fiduciary duty to Pauline as follows, among other things:

    a. Relying and acting upon false, fraudulent or incorrect statements about the facts associated with the cause of Tom's death;

      b.      Failing to provide sufficient information to Tom during the application process regarding coverage, policy conditions, policy limitations and/or policy exclusions;

      c.      Failing to and/or inconsistently attempting to determine the cause of death;

      e.      Failing to provide timely and sufficient written information about the status of Pauline's claims;

      f.      Failure to make every effort to discover and provide all insurance coverage and benefits owed to Pauline in a timely fashion; and,

      g.       Failure to pay all insurance policy benefits due and owing to Pauline.

40.     Plaintiff seeks to recover damages in an amount in excess of $75,000.00, plus court costs, lost investment profits, attorneys' fees, and any other statutorily prescribed extra-contractual damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendants and each of them in an amount in excess of $75,000.00, interest, lost investment profits, plus statutory costs and attorneys' fees, and any other statutorily prescribed extra-contractual damages in an amount to be determined by the Court.

<u>**COUNT II**</u>
**Breach of Contract Claim vs. MetLife**

41.     Paragraphs 1 through 40 are re-alleged herein as paragraph 41.

42.     MetLife breached the terms of Tom's insurance policy contract from which breach Pauline is damaged.

43.     MetLife breached the implied covenant of good faith and fair dealing and breached its fiduciary duty to Plaintiff to fully investigate, confirm and pay-out all insurance proceeds owed to Pauline.

44.     Pauline has performed all duties required of her to claim the insurance proceeds or such duties have been waived by the conduct of MetLife.

45. Pauline seeks to recover damages in an amount in excess of $75,000.00, plus court costs, lost investment profits, and any other prescribed extra-contractual damages.

46. Pursuant to §155 of the Illinois Insurance Code, 215 ILCS 511, *et seq.*, Pauline prays for statutory damages plus her attorneys' fees, costs, and prejudgment interest against MetLife for: vexatious and unreasonable conduct by refusing to pay Pauline's claim; knowingly misrepresenting relevant facts and policy provisions; and, forcing Pauline to litigate the claim knowing that it has no substantial grounds to reject it.

**WHEREFORE,** Plaintiff prays for judgment against MetLife in an amount in excess of $75,000.00, interest, lost investment profits, plus statutory damages costs and attorneys' fees, and any other extra-contractual damages to which she may be owed, in an amount to be determined by the Court.

## COUNT III
### Breach of Contract Claim vs. AIG

47. Paragraphs 1 through 45 are re-alleged herein as paragraph 46.

48. AIG breached the terms of Tom's insurance policy contract from which breach Pauline is damaged.

49. AIG breached the implied covenant of good faith and fair dealing and breached its fiduciary duty to Plaintiff to fully investigate, confirm and pay-out all insurance proceeds owed to Pauline.

50. Pauline has performed all duties required of her to claim the insurance proceeds or such duties have been waived by the conduct of AIG.

51. Plaintiff seeks to recover damages in an amount in excess of $75,000.00, plus court costs, lost investment profits, and any other prescribed extra-contractual damages.

52. Pursuant to §155 of the Illinois Insurance Code, 215 ILCS 511, *et seq.*, Pauline prays for statutory damages plus her attorneys' fees, costs, and prejudgment interest against AIG for: vexatious and unreasonable conduct by refusing to pay Pauline's claim; knowingly misrepresenting relevant facts and policy provisions; and, forcing Pauline to litigate the claim knowing that it has no substantial grounds to reject it.

**WHEREFORE,** Plaintiff prays for judgment against AIG in an amount in excess of $75,000.00, interest, lost investment profits, plus statutory damages costs and attorneys' fees, and any other extra-contractual damages to which she may be owed, in an amount to be determined by the Court.

## COUNT IV
### Breach of Contract vs. Employer

53. Paragraphs 1 through 52 are re-alleged herein as paragraph 53.

54. Employer breached its contract with Tom by failing to provide his spouse Pauline all the funds owed to her with respect to his employee benefits.

**WHEREFORE,** Plaintiff prays for judgment against AIG in an amount in excess of $75,000.00, interest, lost investment profits, and any other contractual and extra-contractual damages to which she may be owed, in an amount to be determined by the Court.

                                              **PAULINE BOYLE**,
                                              Plaintiff
                                              By: /Nicholas F. Esposito
                                              One of her attorneys

Nicholas F. Esposito
Bradley K. Staubus
Esposito & Staubus, LLP
7055 Veterans Blvd., Unit B
Burr Ridge, Illinois 60527
(312) 346-2766
nfe@eslaw500.com
bks@eslaw500.com