IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULINE BOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  21 C 2136 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| L-3 COMMUNICATIONS CORPORATION, ) | |
| et al., ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants' motions to dismiss the amended complaint are granted for the reasons explained below.

**BACKGROUND**

Plaintiff, Pauline Boyle ("Pauline"), is the surviving spouse of Thomas J. Boyle Jr. ("Tom"), who was employed as a civilian contractor training police in Afghanistan.  Tom died there, not of natural causes, on June 19, 2012.  Pauline brings this action for violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and breach of contract against several defendants, who are categorized in the amended complaint into three groups: (1) "Employer & Related Parties": L-3 Communications Corporation ("L-3") and other entities affiliated with L-3; (2) "Insurers": Metropolitan Life Insurance Company ("MetLife"), American International Group ("AIG"), and National Union Fire Insurance Company; and (3) "Third Party Administrators" ("TPAs"): Marsh Inc., Seabury & Smith, Inc. d/b/a Marsh U.S. Consumer, and Mercer Health & Benefits Administration LLC (collectively, the "Mercer Defendants").

Plaintiff alleges on information and belief that on April 26, 2012, Tom acquired a MetLife Universal Life Insurance policy (the "MetLife Life Insurance Policy"); "a MetLife Personal Accidental Insurance policy . . . and/or Accidental Death and Dismemberment policy"; a "GTP Travel Protection policy"; an AIG personal accidental insurance policy "and/or" accidental death and dismemberment policy (the "AIG Policy"); "and possibly other supplemental policies," but he "never received the policy(ies) prior to his arrival in Afghanistan." (ECF No. 24, Am. Compl. ¶¶ 26, 29.)  Tom timely made all required premium payments.  It is alleged that Pauline's claim on the AIG Policy was "refused" and that while Pauline made a claim on the MetLife Life Insurance Policy that was "paid in full," MetLife "failed to adequately search and disclose all policies that it has or has had for Tom."  (*Id.* ¶¶ 32-34.)  It is further alleged that Tom "used application [sic] and application portals administered by any or all of the Employer and/or the TPAs" and that "MetLife, L-3 and the TPAs failed to provide Tom full policy coverage information and/or complete and

accurate benefit plan information" or summary plan descriptions "regarding the insurance application choices." (*Id.* ¶¶ 27-28.)

The amended complaint contains four claims. In Count I, which is brought against all defendants, plaintiff alleges breach of fiduciary duty in violation of ERISA. Counts II, III, and IV are claims for breach of contract against, respectively, MetLife, AIG, and the L-3 entities. In Counts II and III, plaintiff asserts that she is entitled to additional relief under section 155 of the Illinois Insurance Code, 215 ILCS 5/155, for MetLife and AIG's "vexatious and unreasonable conduct." (*Id.* ¶¶ 47, 53.)

The Mercer Defendants and MetLife move separately to dismiss the amended complaint[1] under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

For purposes of a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts, and draws all reasonable inferences in the plaintiff's favor. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, a complaint must comply with Rule 8 by containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### A. The Mercer Defendants' Motion

The only claim against the Mercer Defendants is Count I, the ERISA claim. In Count I, plaintiff alleges that "all defendants" engaged in a conglomeration of ERISA violations in that they (1) failed to "act prudently . . . and manage plan assets appropriately," which is alleged to have given rise to the denial of plan benefits; (2) "breached their fiduciary duties, including in violation of ERISA which requires plans to provide participants with either complete plan information or a Summary Plan Description including important information about plan features"; and (3) "engaged in mismanagement of plan benefits and breached their fiduciary duty" to plaintiff "as follows, among other things: [r]elying and acting upon false, fraudulent or incorrect statements about the facts associated with the cause of Tom's death; [f]ailing to provide sufficient information

---

[1] The Mercer Defendants and MetLife moved to dismiss plaintiff's original complaint. During the briefing period for those motions, plaintiff moved for leave to file an amended complaint to add as a defendant another L-3 entity, L-3 Harris Technologies. The Court granted that motion, and plaintiff filed an amended complaint in which she did not alter her allegations against the moving defendants. The Mercer Defendants filed a new motion to dismiss that is directed to the amended complaint. MetLife did not, and it agrees with plaintiff that MetLife's original motion to dismiss and related briefing should apply to the amended complaint. (ECF No. 28, Agreed Stmt.) Accordingly, the Court treats MetLife's motion to dismiss as being directed to the amended complaint.

to Tom during the application process regarding coverage, policy conditions, policy limitations and/or policy exclusions; [f]ailing to and/or inconsistently attempting to determine the cause of death; [f]ailing to provide timely and sufficient written information about the status of Pauline's claims; [f]ailure to make every effort to discover and provide all insurance coverage and benefits owed to Pauline in a timely fashion; and [f]ailure to pay all insurance benefits due and owing to Pauline." (Am. Compl. ¶¶ 37-40.)

The Mercer Defendants, who were allegedly TPAs, contend that plaintiff fails to state a claim against them because, aside from plaintiff's description of the parties (in which she sets out their places and nature of business) and various legal conclusions, there are no factual allegations regarding what they allegedly did or did not do nearly a decade ago. The Court agrees. An ERISA claim to recover benefits due under 29 U.S.C. § 1132(a)(1)(B), a provision that plaintiff invokes in Count I, "ordinarily should be brought against the employee-benefits plan itself" because the proper defendant is the one with the obligation to pay benefits. *Brooks v. Pactiv Corp.*, 729 F.3d 758, 764 (7th Cir. 2013). There are no facts alleged from which one could reasonably conclude that the Mercer Defendants had any obligation to pay benefits to Pauline or Tom. Count I, however, encompasses more than just the alleged failure to pay benefits due; plaintiff also alleges breach of fiduciary duty, including the failure to provide documents upon request. A plan administrator is an ERISA fiduciary only to the extent that it acts in such a capacity in relation to a plan. *Id.* at 765-66. The viability of a breach-of-fiduciary-duty claim against the TPAs turns on whether they were acting as fiduciaries when they engaged in the action or omission at issue. *See Chi. Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 471-72 (7th Cir. 2007) ("To make out a claim for breach of fiduciary duty under ERISA, Carpenters must show that Caremark was a fiduciary as that term is defined in the statute and that Caremark was acting in its capacity as a fiduciary at the time it took the actions that are the subject of the complaint."). The amended complaint contains no indication of the role the Mercer Defendants allegedly played with respect to any benefits plan, or even minimal facts regarding what actions or omissions they allegedly engaged in, such as reviewing a claim for benefits, applying plan terms, or failing to furnish certain requested documents. Plaintiff's allegations are impermissibly vague; it is alleged merely that "Tom used application [sic] or application portals administered by *any or all* of the Employer *and/or* the TPAs." (Am. Compl. ¶ 27 (emphasis added).) And, although plaintiff categorizes defendants according to the different roles they played with respect to the benefits at issue, she treats all of them identically in Count I by grouping them in a laundry list of conclusory assertions. The amended complaint does not contain sufficient factual material to provide the Mercer Defendants with fair notice of plaintiff's claim against them or to nudge the claim across the line from conceivable to plausible. Accordingly, the Court will grant the Mercer Defendants' motion to dismiss Count I of the amended complaint.

The Mercer Defendants also argue that plaintiff's claim for breach of fiduciary duty is untimely under ERISA's three- and six-year statutes of limitations.[2] When a plaintiff's complaint sets out all of the elements of an affirmative defense such as a statute of limitations, dismissal under Rule 12(b)(6) is appropriate. *See, e.g.*, *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). But, as explained above, plaintiff's amended complaint is vague, and the Court is unable to say that it sets out everything needed to satisfy a limitations defense.

**B.    MetLife's Motion**

Plaintiff asserts an ERISA claim (Count I) and a breach of contract claim (Count II) against MetLife. MetLife moves to dismiss both.

### 1.    ERISA (Count I)

Plaintiff categorizes MetLife as an "insurer"; she does not allege that MetLife administered the applications or application portals Tom allegedly used. (Am. Compl. at 3, ¶ 27.) In the "Facts" section of the amended complaint, plaintiff alleges in pertinent part as follows: Tom had a MetLife Life Insurance Policy and a "MetLife Personal Accidental Insurance policy [] and/or Accidental Death and Dismemberment policy"; MetLife paid Pauline's claim on the MetLife Life Insurance Policy in full; MetLife failed to provide Tom complete policy information "and/or" complete plan information; and MetLife "failed to adequately search and disclose all policies" that Tom had. (*Id.* ¶¶ 26, 28, 32-33.) That is the full extent to which plaintiff sets out any particular facts about MetLife.

The problems discussed above regarding plaintiff's ERISA claim apply equally to MetLife. As MetLife succinctly puts it, "[p]laintiff's generic allegations asserted collectively" against all of the defendants "make it impossible to determine which of the defendants is being sued for what allegedly wrongful conduct under which ERISA plan." (ECF No. 8, MetLife's Mem. Supp. Mot. Dismiss at 7.) It is not clear what ERISA plan is at issue with respect to MetLife, why MetLife can be considered a fiduciary with respect to any plan, how MetLife allegedly violated ERISA, which violations in the conclusory laundry list set out in Count I were allegedly committed by MetLife, or how plaintiff was allegedly damaged by those violations. Thus, Count I will be dismissed without prejudice as to MetLife.

### 2.    Breach of Contract (Count II)

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must

---

[2] In connection with this argument, the Mercer Defendants further argue that "the failure to provide requested materials is not even a breach of fiduciary duty claim." (ECF No. 26, Mercer Defs.' Mem. Supp. Mot. Dismiss at 10.) Defendants cite no authority for this proposition, and it appears to be contrary to the Seventh Circuit's observation that an ERISA fiduciary's duties include a duty to disclose and communicate material information about plan benefits. *See Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 466 (7th Cir. 2010). Plaintiff, however, has failed to plead facts from which it could be reasonably inferred that the Mercer Defendants had any fiduciary duty or that they engaged in any act or omission that violated such a duty.

allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal quotation marks and citation omitted). MetLife contends that plaintiff fails to allege the existence of any contract that was purportedly breached by MetLife and that, "[t]o the contrary, Plaintiff acknowledges that MetLife paid her claim 'in full . . . .'" (MetLife's Mem. Supp. Mot. Dismiss at 4.) According to MetLife, plaintiff's "contradictory conclusory allegation that 'MetLife breached the terms of Tom's insurance policy contract' does not save her claim." (*Id.* at 5.)

Given that plaintiff pleads that Tom acquired multiple MetLife policies, it is not necessarily contradictory that plaintiff pleads both that MetLife breached a policy and that it paid the claim on Tom's MetLife Life Insurance Policy. Nevertheless, Count II, like Count I, is vague and conclusory, and it fails to provide MetLife the notice to which it is entitled under Rule 8. The Federal Rules of Civil Procedure "do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007). Plaintiff alleges merely that "MetLife breached the terms of Tom's insurance policy contract from which breach Pauline is damaged" and that MetLife breached the implied covenant of good faith and fair dealing as well as "its fiduciary duty . . . to fully investigate, confirm and pay-out all insurance proceeds owed to Pauline." (Am. Compl. ¶¶ 43-44.) The amended complaint lacks the basic, critical facts that would inform MetLife of which contract it allegedly breached and in what particular way or ways it breached that contract.[3] It is not even clear whether plaintiff is alleging that Tom had two or three MetLife policies. She alleges in the amended complaint that Tom acquired "a MetLife Personal Accidental Insurance Policy ("PAI policy") *and/or* Accidental Death and Dismemberment policy ("AD&D policy") in the amount of $401,448," (Am. Compl. ¶ 26b (emphasis added)), language suggesting that there was *one* accidental insurance or accidental death policy for that specific amount. In plaintiff's response brief, however, she indicates that there are *two* separate policies at issue besides the MetLife Life Insurance Policy. (ECF No. 20, Pl.'s Resp. MetLife's Mot. Dismiss at 5 ("MetLife . . . ignores that [Pauline] does not allege breach of the life policy but does allege breach for non-payment of two other referenced policies.").) Plaintiff has not alleged in a straightforward fashion how many MetLife policies are at issue, which one(s), specifically, MetLife is alleged to have breached, or how. In addition, the allegation that MetLife violated section 155 of the Illinois Insurance Code, which prohibits certain "vexatious and unreasonable" conduct, is devoid of any factual matter that renders it plausible that MetLife engaged in such conduct. Count II, therefore, will be dismissed without prejudice.

The Court adds a final note in the interest of judicial economy and to minimize further motion practice. If plaintiff chooses to file a second amended complaint, it would be advisable for plaintiff to clarify the bases of her claims against each of the defendants, because the pleading defects discussed herein are not confined to the claims against the moving defendants.

---

[3] Furthermore, as MetLife points out, it is unclear why plaintiff invokes an alleged breach of fiduciary duty within the breach of contract claim. MetLife is alleged to have been an insurer, and in Illinois, "it is well-settled that no fiduciary relationship exists between an insurer and an insured as a matter of law." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1024 (7th Cir. 2013).

## CONCLUSION

      The motion of defendants Marsh Inc., Seabury & Smith, Inc. d/b/a Marsh U.S. Consumer, and Mercer Health & Benefits Administration LLC to dismiss the amended complaint [25] is granted. The motion of defendant Metropolitan Life Insurance Company to dismiss the amended complaint [7] is granted. The amended complaint is dismissed without prejudice as to the claims against Marsh Inc., Seabury & Smith, Inc. d/b/a Marsh U.S. Consumer, Mercer Health & Benefits Administration LLC, and Metropolitan Life Insurance Company. Plaintiff is given until October 20, 2021 to file a second amended complaint to the extent she is able to do so in accordance with Federal Rule of Civil Procedure 11.

**DATE:** September 29, 2021

**Hon. Ronald A. Guzmán**
**United States District Judge**