FILED
2/21/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

PAULINE BOYLE, pro se

    Plaintiff,

L-3 COMMUNICATIONS CORPORATION, et al.,

    Defendants.

Case No. 21:-cv-02136

Hon. Andrea Wood

Hon. Young B. Kim

## Motion to Request the Court to Issue a Ruling on the Adjudication of the Attorney Lien

Now comes the Plaintiff, Pauline Boyle, filing this motion to move the court to issue a ruling on the attorney lien placed by her terminated attorney, Nicholas Esposito.

The Motion to Adjudicate was filed on 11/19/2024, Document #170. To include exhibits NE1-12.

Attached is a new exhibit (NE13), which is the email from Nick Esposito in response to my query about any lien placed upon recovery. Notice Esposito mentions, 'we sent attorney lien notices to AIG, L-3, MPRI, SAIC, Marsh and Mercer'. I have yet to obtain a copy of the lien sent to SAIC/MPRI. I am confused as to the inclusion of AIG – which, to my knowledge, is not even a defendant.

Exhibit NE 14 is a copy of 770, ILCS 5/0.01, for convenience

The liens that I do have copies of, namely L3 (Exhibit NE11) and Marsh (Exhibit NE12) were filed on 6/1/2022 and 5/31/2022, respectively.

Mr. Esposito was terminated verbally on 2/7/2022 and in writing on 2/10/2022.

Lien copies in my possession were filed more than 30 days after termination.

As a reminder, the only issue that survived in this lawsuit is the one of fraud/concealment. This issue was presented by the Plaintiff within her exhibits and filings. There was never any mention by Esposito of fraud despite the Plaintiff's objections and his knowledge of the fraud and concealment

It is unknown as to what theory Esposito is claiming recovery. As stated in the original motion to adjudicate, the unknown liens on recovery placed additional hardship upon the retention of further legal representation. The plaintiff was forced to continue pro se in this case since she has not been able to obtain representation.

Based upon the above-mentioned issues and those described in the 11/19/2024 filing, Motion to Adjudicate Attorney Lien, I find it impossible to move forward with mediation until the lien issue is resolved. It is likened to asking me to put my shoes on before my socks.

WHEREFORE, Plaintiff Pauline Boyle respectfully requests the Court to issue a ruling on her motion to Adjudicate Attorney Lien.

Dated February 21, 2025            Respectfully submitted,

*/s/ Pauline Boyle, pro se*

Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was filed electronically on February 21, 2025, and that service of the same on all counsel of record will be made by the court's CM/ECF system.

*/s/ Pauline Boyle*

Pauline Boyle



**From:** Pauline Boyle paulineboyle@yahoo.com
**Subject:** Re: Question
**Date:** April 10, 2023 at 9:53 PM
**To:** Nick Esposito nfe@eslaw500.com
**Bcc:** Pauline Boyle paulineboyle@yahoo.com

Based upon recovery of which you recovered nothing. Please remove

Sent from my iPad

> On Apr 10, 2023, at 6:12 PM, Nick Esposito <nfe@eslaw500.com> wrote:
>
> Yes.
>
> In June 2022, we sent attorney lien notices to AIG, L-3, MPRI, SAIC, Marsh & Mercer.
>
> Nick
>
> Nicholas F. Esposito
> ESPOSITO & STAUBUS LLP
> 7055 Veterans Blvd.
> Unit B
> Burr Ridge, IL 60527
> (Phone) 630-323-5316 x 14 // 312-346-2766 x 14
> (Facsimile) 630-323-5490 // 312-346-3177
> www.eslaw500.com
>
> Click the link
>
> This electronic message is protected by the ATTORNEY CLIENT PRIVILEGE, the ATTORNEY WORK PRIVILEGE, is proprietary in nature, or otherwise protected by law. If you are not the intended recipient, or an agent responsible for delivering this message to the intended recipient, please disregard the message, notify the sender of the error, and remove all record of this message from your computer system.
>
> -----Original Message-----
> From: Pauline Boyle <paulineboyle@yahoo.com>
> Sent: Thursday, April 6, 2023 9:00 PM
> To: Nick Esposito <nfe@eslaw500.com>
> Cc: Pauline Boyle <paulineboyle@yahoo.com>
> Subject: Question
>
> Interviewing new counsel and am asked if you are seeking payment of any kind, placing a lien, or requesting payment and/or quantum meruit with regards to the federal case.
>
> Thank you
> Pauline Boyle

# Illinois General Assembly

Home ...

| Bills & Resolutions | **Illinois Compiled Statutes** |
| --- | --- |
| **Compiled Statutes** | |
| Public Acts | **Back to Act Listing   Public Acts   Search   Guide   Disclaimer   Printer-Friendly Version** |
| Legislative Reports | |
| IL Constitution | **Information maintained by the Legislative Reference Bureau** |
| Legislative Guide | Updating the database of the Illinois Compiled Statutes (ILCS) is an ongoing process. Recent laws may not yet be included in the ILCS database, but they are found on this site as Public Acts soon after they become law. For information concerning the relationship between statutes and Public Acts, refer to the Guide. |
| Legislative Glossary | |

Search By Number (example: HB0001) [    ] Go
Search Tips

Because the statute database is maintained primarily for legislative drafting purposes, statutory changes are sometimes included in the statute database before they take effect. If the source note at the end of a Section of the statutes includes a Public Act that has not yet taken effect, the version of the law that is currently in effect may have already been removed from the database and you should refer to that Public Act to see the changes made to the current law.

Search By Keyword [    ] Go
Search Tips

Advanced Search




( )

```
    (770 ILCS 5/0.01) (from Ch. 13, par. 13.9)
    Sec. 0.01.  Short title.  This Act may be cited as the
Attorneys Lien Act.
(Source: P.A. 86-1324.)

    (770 ILCS 5/1) (from Ch. 13, par. 14)
    Sec. 1. Attorneys at law shall have a lien upon all claims,
demands and causes of action, including all claims for
unliquidated damages, which may be placed in their hands by
their clients for suit or collection, or upon which suit or
action has been instituted, for the amount of any fee which may
have been agreed upon by and between such attorney and their
clients, or, in the absence of such agreement, for a reasonable
fee, for the services of such suits, claims, demands or causes
of action, plus costs and expenses. In the case of a claim,
demand, or cause of action with respect to which the total
amount of all liens under the Health Care Services Lien Act
meets or exceeds 40% of the sum paid or due the injured person,
the total amount of all liens under this Act shall not exceed
30% of the sum paid or due the injured person. All attorneys
shall share proportionate amounts within this statutory
limitation. If an appeal is taken by any party to a suit based
on the claim or cause of action, however, the attorney's lien
shall not be affected or limited by the provisions of this Act.
    To enforce such lien, such attorneys shall serve notice in
writing, which service may be made by registered or certified
mail, upon the party against whom their clients may have such
suits, claims or causes of action, claiming such lien and
stating therein the interest they have in such suits, claims,
demands or causes of action. Such lien shall attach to any
verdict, judgment or order entered and to any money or property
which may be recovered, on account of such suits, claims,
demands or causes of action, from and after the time of service
of the notice. On petition filed by such attorneys or their
clients any court of competent jurisdiction shall, on not less
than 5 days' notice to the adverse party, adjudicate the rights
of the parties and enforce the lien.

(Source: P.A. 93-51, eff. 7-1-03.)
```